IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: IMPRELIS HERBICIDE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : : : : : |  MDL No. 2284<br>11-md-02284 |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | |

## ORDER

**AND NOW,** this 11th day of February, 2013, upon consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (Docket Nos. 117, 118, 120-122) and following a hearing on February 5, 2013, it is hereby **ORDERED** that:

1. The Motion (Docket No. 117) is **GRANTED**;

2. For purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the following nationwide classes are conditionally certified:

    Property Owner Class (Class 1):

    All persons or entities who (a) own or owned property in the United States to which Imprelis was applied from August 31, 2010 through August 21, 2011, or (b) own or owned property in the United States adjacent to property to which Imprelis was applied from August 31, 2010 through August 21, 2011 and whose trees show damage from Imprelis on or before the date of entry of the Preliminary Approval Order ("Adjacent Property Owner"). Excluded from Class 1 are (1) any Judges to whom this Action is assigned and any members of their immediate families and (2) any property owners whose properties were used for the testing of Imprelis or developmental formulations containing the same active ingredient.

    Applicator Class (Class 2):

    All persons or entities that, from August 31, 2010 through August 21, 2011, purchased Imprelis (and/or received Imprelis directly or indirectly from a purchaser) and applied it to property in the United States as part of their normal business, other than property that they own or owned ("Applicators"). Excluded

from Class 2 are any Judges to whom this Action is assigned and any members of their immediate family.

<u>Golf Courses and Other Self Applicators Class (Class 3):</u>

All persons or entities that, from August 31, 2010 through August 21, 2011, purchased Imprelis (and/or received Imprelis directly or indirectly from a purchaser) and applied it to properties in the United States that they own or owned ("Self Applicators").  Excluded from Class 3 are any Judges to whom this Action is assigned and any members of their immediate family.

3.     The Class Representatives named in Plaintiffs' Corrected Amended Master Class Action Complaint (Docket No. 123) are appointed to serve as Class Representatives for settlement purposes only.  Adam J. Levitt of Grant & Eisenhofer;[1] Richard J. Arsenault of Neblett, Beard & Arsenault; Gregory Asciolla of Labaton Sucharow;[2] Jonathan D. Selbin of Lieff, Cabraser, Heimann & Bernstein; and Richard Kitchenoff of Weinstein, Kitchenoff & Asher are appointed to serve as Settlement Counsel;

4.     The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate, and within the range of reasonableness, such that a presumption of fairness is appropriate for the purposes of preliminary settlement approval;

5.     A Final Fairness Hearing shall be held on September 27, 2013 at 2:00 p.m. in Courtroom 10B to determine whether the Settlement is fair, reasonable, and adequate and should be approved.  The Fairness Hearing may be postponed, adjourned, or continued by Order of the Court without further notice to the Settlement Class;

6.     The Court finds that the proposed notice program is the best practicable notice under the circumstances and is reasonably calculated to apprise Settlement Class Members of the

---

[1] Mr. Levitt recently changed law firms.  The Court confirmed at the hearing on preliminary approval of this settlement that he would be continuing in his role as Interim Co-Lead Counsel at his new firm.

[2] With the Court's approval, Mr. Asciolla will be replacing Hollis Salzman, who has left Labaton Sucharow to continue her career at another law firm.

pendency of this Action and their right to object to or exclude themselves from the Settlement Class.  DuPont shall cause notice to be disseminated as follows:

      a.      Internet Notice:  Not later than March 25, 2013, the Claims Administrator shall publish both the Publication and Long Form Notices on a settlement website, which shall be made available through a link on Plaintiffs' Counsel's websites, and shall contain copies of the Settlement Notices, the fully executed Settlement Agreement, and relevant Court Orders and filings (including the Fee Application).  The Settlement Notices shall direct recipients to the location of the settlement website, which shall remain active through December 1, 2013.

      b.      Publication Notice:  Not later than March 25, 2013, the Claims Administrator shall publish the Publication Notice, attached to the Settlement Agreement as Exhibit 9, in publications identified in Exhibit 7.

      c.      Television Notice:  Not later than March 25, 2013, the Claims Administrator shall place local advertisements on television in the 46 Designated Market Areas most seriously impacted by Imprelis.

      d.      Mail Notice:  Not later than March 25, 2013, the Claims Administrator shall mail the Long Form Notices, attached to the Settlement Agreement as Exhibits 5 and 6, via First Class Mail to all Settlement Class Members who have submitted their information to the Imprelis Claims Resolution Process.

7.      The Settlement Claims Process, together with all applicable forms described in the Settlement Agreement, are approved;

8.      Any Settlement Class Member may opt out of the Settlement by following the "Exclusion" procedure set forth in the Long Form Notice and the Settlement Agreement.  All Settlement Class Members who do not opt out in accordance with the terms set forth in the

Settlement Notice and the Settlement Agreement will be bound by all determinations and judgments in the Action.  Any Class Member who wishes to opt out of the Class must do so in writing by mailing a request for exclusion to the Claims Administrator.  Any such request must be postmarked no later than the Opt-Out Deadline, June 28, 2013.  The request to opt out must be signed by the Class Member seeking to opt out and must set out the Class Member's first and last names (or company name), valid mailing address and functioning telephone number.  Any Class Member who opts out may rescind or revoke such decision by submitting a written revocation to the Claims Administrator, provided such revocation is postmarked by the Opt-Out Deadline.  No later than ten days after the Opt-Out Deadline, the Claims Administrator shall file with the Court the names of all Opt-Outs who have submitted a timely request to opt out of the Class;

     9.     The parties shall file a Motion for Final Approval of the Settlement and any Fee and Expense Application no later than August 7, 2013;

     10.     Any Settlement Class Member may object to the fairness, reasonableness, or adequacy of the proposed Settlement, including the proposed Fee and Expense Award.  Each Settlement Class Member who wishes to object to any term of the Agreement must do so by filing a written objection with the Clerk of Court and mailing it to the Parties' respective counsel at the addresses set forth in the Long Form Notice.  Any such objection must be filed with the Clerk of Court and received by the Parties' respective counsel no later than the Objection Filing Deadline, which is August 21, 2013.  Any such objection must (a) attach copies of any materials that will be submitted to the Court or presented at the Final Approval hearing; (b) be signed by the Class Member or his/her counsel; (c) aver under penalty of perjury that the objector is a Class Member; and (d) clearly state in detail (i) the legal and factual ground(s) for the objection, (ii)

4

the Class Member's name, address, and telephone number, and (except in the case of a Class 2 Member objecting) the address of the property allegedly impacted by Imprelis, and (iii) if represented by counsel, such counsel's name, address, and telephone number. This Court shall not be obliged to consider any objection that is not provided in accordance with the deadlines and other specifications set forth in the Settlement Notices. Only Settlement Class Members may object to the Settlement Agreement. Persons who opt out of the Settlement Class may not object to the Settlement Agreement;

11. Class Members who have submitted timely and valid written objections may also appear and be heard at the Fairness Hearing if they wish, but they are not required to do so. As set forth in the Long Form Notice, Class Members who wish to be heard at the hearing shall request permission to do so by letter to the Court, in the manner described in the Long Form Notice;

12. Any reply papers or other responses the parties wish to file in response to Class Member objections shall be filed with the Court no later than September 4, 2013;

13. In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    a. All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    b. Nothing contained in this Order is, or may be construed as, any admission or concession by or against DuPont or Plaintiffs on any point of fact or law; and

    c. The Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties or the Settlement Class members, including the Defendant's right to assert any and all defenses to class certification, including without limitation the propriety of the class and/or substantive allegations asserted by the putative class, shall not be deemed or construed to be an admission or confession by any Party of any fact, matter or proposition of law, and shall not be used in any matter for any purpose, and all Parties shall stand in the same position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

    A modification or reversal on appeal of the resolution of any dispute relating to the claim of anyone claiming to be a Settlement Class Member shall not be deemed a material modification of the Settlement Agreement.

              BY THE COURT:

               */s/ Gene E.K. Pratter*
               GENE E.K. PRATTER
               UNITED STATES DISTRICT JUDGE