IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: IMPRELIS HERBICIDE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : MDL No. 2284 : 11-md-02284 |
| _____ | : |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : : : |

## ORDER

**AND NOW,** this ____ day of October, 2013, upon consideration of the Motion for Final Approval of Class Action Settlement (Docket Nos. 186, 187, 188), Plaintiffs' Motion for Attorneys' Fees (Docket Nos. 189, 191), various objections (Docket Nos. 197-208, 215-217, 220-234, 239), Plaintiffs' replies and supplements (Docket Nos. 213-214, 241-242), the Kipphorn Objectors' Motion for Discovery and Evidentiary Hearing (Docket No. 236), and Plaintiffs' Opposition (Docket No. 237-238), and following a Final Fairness Hearing on September 27, 2013, it is hereby **ORDERED** that Plaintiffs' Motions (Docket Nos. 186-89, 191) are **GRANTED**, and the Kipphorns' Motion (Docket No. 236) is **DENIED**. Furthermore, the Court makes the following findings, as more fully outlined in the accompanying memorandum of law:

1. The Court has jurisdiction over the subject matter of this action.

2. Terms used in this Order that are defined in the Settlement Agreement, unless otherwise defined herein, have the same meanings in this Order as in the Settlement Agreement.

3. For purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), the following nationwide classes are certified:

1

Property Owner Class (Class 1):

All persons or entities who (a) own or owned property in the United States to which Imprelis was applied from August 31, 2010 through August 21, 2011, or (b) own or owned property in the United States adjacent to property to which Imprelis was applied from August 31, 2010 through August 21, 2011 and whose trees show damage from Imprelis on or before the date of entry of the Preliminary Approval Order ("Adjacent Property Owner"). Excluded from Class 1 are (1) any Judges to whom this Action is assigned and any members of their immediate families and (2) any property owners whose properties were used for the testing of Imprelis or developmental formulations containing the same active ingredient.

Applicator Class (Class 2):

All persons or entities that, from August 31, 2010 through August 21, 2011, purchased Imprelis (and/or received Imprelis directly or indirectly from a purchaser) and applied it to property in the United States as part of their normal business, other than property that they own or owned ("Applicators"). Excluded from Class 2 are any Judges to whom this Action is assigned and any members of their immediate family.

Golf Courses and Other Self Applicators Class (Class 3):

All persons or entities that, from August 31, 2010 through August 21, 2011, purchased Imprelis (and/or received Imprelis directly or indirectly from a purchaser) and applied it to properties in the United States that they own or owned ("Self Applicators"). Excluded from Class 3 are any Judges to whom this Action is assigned and any members of their immediate family.

4.  The Settlement Classes fully comply with the requirements of Federal Rule of Civil Procedure 23, in that "(1) the [Settlement Classes are] so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the [Settlement Classes]; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the [Settlement Classes]; and (4) the representative parties will fairly and adequately protect the interests of the [Settlement Classes]." Fed R. Civ. P. 23(a). In addition, "the court finds that the questions of law or fact common to class members predominate over any questions

affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

5. The Court finds that the Settlement is entitled to an initial presumption of fairness because the settlement negotiations were undertaken at arms' length by experienced counsel after substantial discovery.

6. Upon consideration of the factors outlined by the Third Circuit Court of Appeals in *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975) and pursuant to Federal Rule of Civil Procedure 23(e), the Court finds that the Settlement is fair, reasonable, and adequate.

7. The Court has considered the oral and written objections and finds that these objections are all overruled.

8. Notice of the Settlement Agreement to the Settlement Classes has been provided in accordance with the Court's Order granting preliminary approval. Such notice constitutes the best notice practicable under the circumstances and satisfies the requirements of Federal Rule of Civil Procedure 23(e) and due process.

9. Defendants have filed notification of this Settlement with the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. No objections or requests for hearings have been made by any federal or state official within 90 days from the date on which Defendant fulfilled its obligations under CAFA.

10. The Settlement Agreement is finally approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable, and adequate, and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

11. The United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement

Agreement, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to this Settlement Agreement or the applicability of this Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and DuPont.  This shall include resolution of any matters which may arise related to the allocation and distribution of attorneys' fees, expenses, and incentive awards.  This Settlement Agreement shall be governed by and interpreted according to the substantive laws of the State of Delaware without regard to its choice of law or conflict of laws principles.  DuPont submits to jurisdiction in the Eastern District of Pennsylvania only for the purposes of this Settlement Agreement and the implementation, enforcement, and performance thereof.  DuPont otherwise retains all defenses to the Court's exercise of personal jurisdiction over it.

12. The individuals and entities listed on Exhibit A of Plaintiffs' Supplemental Exhibits (Docket No. 241) submitted timely requests for exclusion from the Classes in accordance with the requirements set forth in this Court's February 11, 2013, or will, by agreement of the parties, be permitted to opt out of the Classes, despite untimely or incomplete requests for exclusion.  They will not receive any benefits under the Settlement but will not be bound by any determinations of judgments entered in this Action.

13. Counsel for Plaintiffs are awarded attorneys' fees in the amount of $6,500,000 and costs in the amount of $500,000.

14. Incentive awards for settlement class representatives are awarded in the amount of $63,000 (22 individual property owners shall receive an incentive award of $1,500, and 12 multi-residential or commercial property owners, golf courses, and lawn care operators shall each receive an incentive award of $2,500).

15. Settlement Class Counsel are responsible for allocating and distributing attorneys' fees and expenses among Counsel for Plaintiffs. Settlement Class Counsel are also responsible for allocating and distributing the incentive awards among settlement class representatives.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE