IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: IMPRELIS HERBICIDE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : | 
| _____ | : : | 
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : : |

MDL No. 2284
11-md-02284

### ORDER

**AND NOW,** this 27th day of January, 2016, upon consideration of DuPont's Motion for Permanent Injunction Barring the Stones' Imprelis Action (Docket No. 527), the Stones' Responses (Docket Nos. 541, 547, 553, 594) and DuPont's Replies (Docket No. 545, 591), it is hereby **ORDERED** that: DuPont's Motion (Docket No. 381) is **GRANTED**. Plaintiffs Samuel Spencer Stone and Jerilyn Stone, as well as any attorney acting on their behalf, are **ENJOINED** from prosecuting their West Virginia state court action against DuPont, related to Imprelis® injuries to property, *Samuel Spencer Stone and Jerilyn Stone v. E.I. du Pont de Nemours & Co.*, No. 15-c-593 (Circuit Court of Monongalia County, West Virginia), provided, however, that these enjoined persons may take such steps to effect the dismissal of the state court action with prejudice.[1]

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[1] As explained in the Court's Memorandum accompanying this Order, this injunction includes the Stones' fraud claim relating to DuPont's alleged conduct in handling the Stones' warranty claim, as the Court retained exclusive jurisdiction over such disputes. Furthermore, this injunction also bars any mediation of the Stones' claims against DuPont, as ordered by the Circuit Court of Monongalia County, West Virginia, although it does not bar any alternative dispute resolution mechanism upon which the parties *mutually* agree.