IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: IMPRELIS HERBICIDE MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | : : : : : : | MDL No. 2884 11-md-02884 |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS | : : : : |

## MEMORANDUM

PRATTER, J.                                                          AUGUST , 2017

George Jabol and Jean Burns appeal the decision of the Imprelis Arborist Panel,[1] claiming that three of their trees should be rated for removal. Because the Appeals Panel decision in the appellants' case included what was either a typographical error or a misunderstanding of the record, the Court will remand the decision in part to clarify the record.

**BACKGROUND**

Because the Court has written about the history of this litigation in several opinions, the following summary will be brief.

In the fall of 2010, DuPont introduced Imprelis, a new herbicide designed to selectively kill unwanted weeds without harming non-target vegetation. After widespread reports of damage to non-target vegetation, the Environmental Protection Agency ("EPA") began investigating Imprelis, leading to lawsuits, a suspension of Imprelis sales, and an EPA order preventing DuPont from selling Imprelis. In September 2011, DuPont started its own Claim Resolution Process to compensate victims of Imprelis damage. Despite this voluntary process, various plaintiffs continued to pursue their lawsuits, alleging consumer fraud/protection act

---

[1] The terms Appeals Panel and Arborist Panel will be used interchangeably in this opinion.

1

violations, breach of express and/or implied warranty, negligence, strict products liability, nuisance, and trespass claims based on the laws of numerous states. After months of settlement discussions, including mediation, the parties came to a settlement agreement. The details of the settlement relevant to the appeals process will be discussed in greater detail below.

## A. *The Settlement*

The Imprelis Class Action Settlement ("Settlement") covers three classes of Imprelis Plaintiffs. Among the three settlement classes is a property owner class. That class includes all persons or entities who own or owned property in the United States to which Imprelis was applied from August 31, 2010 through August 21, 2011, as well as all persons who own or owned property adjacent to property to which Imprelis was applied and whose trees showed damage from Imprelis on or before the date of entry of the Preliminary Approval Order, or February 11, 2013. Under the Settlement, property owner class members who filed claims by the claims deadline would receive tree removal (or compensation for tree removal), payments for replacement trees, tree care and maintenance payments, and a 15% payment for incidental damages. The Settlement included a warranty that provided for all benefits but the 15% incidental damages award for Imprelis damage that manifested after the claims period closed but before May 31, 2015.

Section III.C.1.a.xi. sets forth the appeals process for property owner class members who file settlement claims. *See* Docket No.117-2, § III.C.1.a.xi. That provision sets the framework for the "Imprelis Alternative Dispute Resolution Panel," comprised of three arborists – one chosen by DuPont, one chosen by Interim Co-Lead Counsel and Liaison Counsel, and one chosen by the other two arborists. The Agreement describes the Panel's role as "review[ing] and determin[ing] appeals from the Settlement Claim Process, and decisions by DuPont relating to

2

objections submitted in the course of the Imprelis Claim Resolution Process." The Agreement limits the authority of the Panel to "resolving questions or challenges relating to determinations of: (a) tree ratings; (b) the height, and if applicable, the circumference of trees at issue for valuation and tree care respectively; (c) the number of trees qualifying for compensation from DuPont under the Settlement Claim Process; (d) whether a Class Member has provided adequate Spray Records; (e) warranty coverage; and (f) application of those requirements set forth in Exhibit 19 [outlining the types of symptoms found in Imprelis-injured trees and the types of evidence required for claim consideration]." *Id.* The Agreement also specifies that the Panel members will be subject to the Code of Ethics for Arbitrators in Commercial Disputes and that the evidence they consider must be that presented by the parties. In the context of discussing Panel review, the Agreement states that "Any Party maintains its rights to seek review from the Court." *Id.* The Agreement does not set forth the standard of review to be applied by the Court in reviewing Panel determinations. The form filed by claimants appealing Panel decisions limits Court review to the record submitted to the Panel.

On February 12, 2013, this Court preliminarily approved the Settlement, and on September 27, 2013, the Court held a Final Fairness Hearing to determine whether the Settlement provided fair, reasonable, and adequate compensation to class members. On October 17, 2013, the Court granted the Class Plaintiffs' Motion for Final Approval of the Settlement. The Order entering final judgment as to the Settlement states that class members are "permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any Released Claims, against any Releasee . . . by whatever means, in any local, state, or federal court, or in any agency or other arbitral or other forum . . . ." February

5, 2014 Order, Docket No. 274, ¶ 7. The Court also retained exclusive jurisdiction over any action relating to the Settlement:

> Without affecting the finality of this Order, the Court shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and DuPont.

*Id.* at ¶ 11.

### B. *George Jabol and Jean Burns's Appeal*

George Jabol and Jean Burns claimed that Imprelis damaged several trees on their property. After site inspections, five trees were rated for tree care (trees #1-5), even though one of those trees (tree #3) had already been removed after it had been deemed hazardous by a Davey Tree arborist. The Appellants objected to the Claims Resolution Agreement, arguing that a sixth tree (tree #6) should be added to the list and removed, that they should receive compensation for the tree that had already been removed (tree #3), and that the four other trees initially rated as needing tree care should be removed and replaced. After another inspection of their property, one tree was removed from the list for tree care (tree #2), after the inspector concluded that the tree was damaged by something other than Imprelis; the heights for various trees were increased; tree #3 was acknowledged to have been removed and in need of replacement; tree #6 was rated as having no damage; and the ratings of trees #1, 4, and 5 were set at 2.

The Appellants again objected to DuPont's assessment, and they eventually appealed to the Arborist Panel. In their original appeal to the Panel, they conceded that tree #2 was damaged primarily by a disease unrelated to Imprelis; they argued that tree #3 should be designated as at least 36 feet tall; they argued that tree #4 should be removed and replaced; and they argued that tree #6 should be rated the same as tree #5. As to the last two trees, they stated that they agreed

4

with a rating of 2 for the time being, but that they wished to reserve their right to adjust their demand if the trees deteriorated. Appellants supported their appeal with correspondence from their own experts, as well as with photographs. In submitting their appeal, they checked the boxes for "tree ratings," "tree height," "symptoms of Imprelis damage," and "other – number of trees qualifying for compensation."

While the Appeals Panel considered the matter, the Appellants contend that trees #5 and #6 deteriorated to the point that they required removal and replacement. They sent a letter to DuPont, seeking to supplement their appeal with a request for removal and replacement of those two trees. However, DuPont claims that it never received any such letter. In February, 2015, the Appeals Panel granted the appeal in part and denied it in part, increasing the heights of two trees, but declining to change the rating of tree #4 or tree #6. Curiously, the Appeals Panel written statement erroneously notes that tree #6 was rated as 1, rather than 0, in concluding that it would not change the previously-determined tree ratings.

George Jabol and Jean Burns now appeal to this Court, seeking removal and replacement of trees #4, #5, and #6.

## LEGAL STANDARD

DuPont urged the Court to adopt the standard of review used for arbitration, meaning that the Arborist Panel's fact finding should only be displaced when "there was evident partiality or corruption in the arbitrators," where the arbitrators "refus[ed] to hear evidence pertinent and material to the controversy," or "where the arbitrators exceeded their powers." *See* 9 U.S.C. § 10. Courts have described this standard as making arbitration decisions "substantially unreviewable." *See Del. Dept. of Health & Social Servs., Div. for Visually Impaired v. U.S.*

*Dept. of Educ.*, 772 F.2d 1123, 1128 (3d Cir. 1985). Many of the appellants, by contrast, either implicitly or explicitly expect *de novo* review.

The Settlement Agreement is silent on this issue. The Court will chart a middle course. On the one hand, DuPont is correct that deference is due to the Arborist Panel's expertise, particularly because the panel was assembled in a fashion intended to be neutral, with each party choosing one arborist and those two arborists selecting a third, and because the Arborist Panel clearly was intended to provide an alternative dispute resolution mechanism to streamline the appeals process, save all parties time and money, and reach resolutions as swiftly as possible. On the other hand, the parties carefully crafted the Settlement Agreement and yet still failed to include any explicit guidance to class members or to the Court regarding a standard of review, thereby giving class members no direct notice of what they would encounter at this level of review. This is an especially frustrating failure given the unique nature of this settlement. Indeed, a search of other multidistrict litigation and class action practice has yielded little helpful guidance or authority.

Taking this middle course, the Court will apply an "arbitrary and capricious" standard of review. *See Del. Dept. of Health & Human Servs.*, 772 F.2d at 1128 (distinguishing standard of review under the Federal Arbitration Act from "arbitrary and capricious" standard); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 268 (7th Cir. 2006) (contrasting "arbitrary and capricious" standard with standard applied in review of arbitration award). That is, factual findings and conclusions drawn by the Arborist Panel will be set aside only if they are "without reason, unsupported by substantial evidence or erroneous as a matter of law." *See Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 845 (3d Cir. 2011) (internal quotations omitted). Such a standard gives effect to the parties' clear intent that the Arborist Panel's role be more than merely advisory and

recognizes their expertise and neutrality, while still giving class members an opportunity for a more meaningful review of the Panel's decisions.

## DISCUSSION

Appellants now challenge the ratings for three trees. However, when the Appeals Panel was initially presented with their appeal, the ratings of only two trees were at issue, and it is unclear whether DuPont or the Appeals Panel received any notice that Appellants wished to add tree #5 to their appeal. Given that the Appeals Panel denied their request to increase the rating as to tree #4 and that tree #5 appears to have similar levels of Imprelis damage and that the Appeals Panel did consider their appeal of tree #4's rating, it seems unlikely that the result would be different as to those trees, even if the Appeals Panel had received notice of the Appellants' change in position.

As to tree #6, however, although that tree had never been rated as damaged by Imprelis, the Appeals Panel written statement notes that tree #6 was rated at 1 and concluded that it would not change that rating. It is not clear whether the Appeals Panel written statement contains a typographical error, or whether the Appeals Panel mistakenly believed that tree #6 was rated, albeit at the lowest rating possible, as having been damaged by Imprelis and then decided not to adjust that rating. This distinction could make a difference, in that even a rating of 1, as opposed to 0, could alter the amount of compensation due to the Appellants. For that reason, the Court will remand this matter to the Appeals Panel to clarify the nature of the apparent factual error in their written statement.[2]

---

[2] Appellants also take issue with the fact that the Appeals Panel only checked the boxes for tree rating and tree height, omitting the boxes for symptoms of Imprelis damage and number of trees qualifying for compensation when rendering their decision. While DuPont waves off this error by arguing that those latter two categories are subsumed by the tree rating category, the error provides more evidence in support of the possibility that the Arborist Panel could have believed that tree #6 was rated as a 1, rather

7

CONCLUSION

For the foregoing reasons, the Court will affirm the Arborist Panel decision in part and overrule it in part. This matter is remanded to the Panel to clarify the error as to the rating of tree #6. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

than a 0, and thus was a tree for which the rating was contested, not an additional tree qualifying for compensation or a tree for which there was a dispute about Imprelis damage.

8